IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-459-D

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DEONDRE MONTREAL RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

Deondre Montreal Russell ("Russell" or "defendant"), a prisoner at the Federal Correctional Institution in Edgefield, South Carolina, proceeding pro se, seeks a Temporary Restraining Order ("TRO") [D.E. 202]. Russell alleges that a correctional officer attempted to strangle him to death on December 30, 2024, he received inadequate medical care, and other prison staff have retaliated against him. See [D.E. 201]; [D.E. 202]. Russell contends that "[t]his is cruel and unusual punishment and warrants relief." [D.E. 202] 3.

State prisoners may allege constitutional civil rights violations under 42 U.S.C. § 1983, while federal prisoners may do so under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser v. Rodriguez, 411 U.S. 475, 498–500 (1973); Bulger v. Hurwitz, 62 F.4th 127, 135 (4th Cir. 2023); Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). Russell has done neither. Thus, the court denies without prejudice Russell's request for a TRO [D.E. 202]. If Russell wants to file a civil rights action in the United States District Court for the District of South Carolina and an application to proceed in forma pauperis, he may do so. Russell must name as defendants the individual prison officials in

South Carolina responsible for his claims and give the named defendants fair notice of his claims and the factual basis upon which these claims rest. Russell must ensure that his complaint is legible. Moreover, Russell must exhaust all available administrative remedies with prison officials before filing suit. See, e.g., Ross v. Blake, 578 U.S. 632, 638–48 (2016); Porter v. Nussle, 534 U.S. 516, 524 (2002); Williams v. Carvajal, 63 F.4th 279, 285 (4th Cir. 2023).

Russell also contends that he "was unlawfully convicted and . . . . was[] sentenced off acquitted conduct." [D.E. 202] 3–4. Russell must file a habeas petition with this court to challenge the validity of his conviction.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The court, however, does not construe Russell's TRO request as a section 2255 petition. Cf. Castro v. United States, 540 U.S. 375, 377 (2003). Thus, the court directs the clerk to send Russell a blank form section 2255 petition with a copy of this order.

In sum, the court DENIES Russell's motion for a temporary restraining order [D.E. 202], and DIRECTS the clerk to send Russell a blank form section 2255 petition.

SO ORDERED. This 5 day of March, 2025.

JAMES C. DEVER III
United States District Judge

2

Case 5:20-cr-00459-D    Document 203    Filed 03/06/25    Page 2 of 2