IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-459
No. 5:26-CV-140

| | | |
|---|---|---|
| DEONDRE MONTREAL RUSSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 30, 2026, Deondre Montreal Russell ("Russell" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 360-month sentence [D.E. 222] and filed a supporting memorandum [D.E. 223]. On July 9, 2026, the United States moved to dismiss Russell's section 2255 motion [D.E. 234] and filed a supporting memorandum [D.E. 235]. See Fed. R. Civ. P. 12(b)(6). The same day, the court notified Russell of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 236]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 31, 2026, Russell responded in opposition [D.E. 237]. As explained below, the court grants the government's motion to dismiss, dismisses Russell's section 2255 motion, and denies a certificate of appealability.

I.

On July 7, 2022, a federal grand jury charged Russell with (1) conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, a quantity of cocaine, and 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846 ("count one"); (2) possession with intent to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C.

§ 841(b)(1)(C) ("count two"); and (3) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(C) ("count three"). See [D.E. 113]. On July 14, 2022, Russell pleaded not guilty. See [D.E. 180] 10–11.

On July 19, 2022, a jury found Russell guilty of conspiracy to distribute and to possess with intent to distribute a quantity of cocaine and between 28 grams and 279.99 grams of cocaine base (crack) on count one and guilty on count two. See [D.E. 135]. The jury found Russell not guilty of conspiring to distribute methamphetamine on count one and not guilty on count three. See id.

On February 3, 2023, the court held Russell's sentencing hearing. See [D.E. 183] 1. The court sentenced Russell to 360 months' imprisonment on count one and count two to run concurrently [D.E. 165]. On February 27, 2023, Russell appealed his conviction and sentence [D.E. 167]. On October 4, 2024, the United States Court of Appeals for the Fourth Circuit affirmed Russell's conviction and sentence. See United States v. Russell, No. 23-4114, 2024 WL 4403998, at *1 (4th Cir. Oct. 4, 2024) (per curiam) (unpublished); [D.E. 193].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences,

unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970) (per curiam). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

In his section 2255 motion, Russell alleges that (1) this court improperly sentenced him based on acquitted conduct, (2) this court improperly classified him as a career offender, (3) officers used excessive force against Russell at a traffic stop, and (4) this court lacked jurisdiction over his case. See [D.E. 222] 4–8.

For his acquitted conduct claim, Russell asserts that the court improperly "sentenced him based on meth[amphetamine]." Id. at 4. For his jurisdictional claim, Russell asserts that he "never conspired with any government informant;" therefore, he could not be prosecuted in federal court. Id. at 8; see [D.E. 237] 4.

On direct appeal, Russell raised both arguments, and the Fourth Circuit rejected them. See Russell, 2024 WL 4403998, at *1–3. As for acquitted conduct, the Fourth Circuit explained that the district court "may consider uncharged or acquitted conduct at sentencing without violating [a] defendant's constitutional rights" and held that this court "properly considered methamphetamine

in the drug-quantity calculation." Id. at *2–3. As for Russell's jurisdictional claim, the Fourth Circuit held that this court had jurisdiction under 18 U.S.C. § 3231. See id. at *1.

Russell cannot use a section 2255 motion to relitigate claims that he lost on direct appeal. See, e.g., Fernandez v. United States, 146 S. Ct. 1292, 1300 (2026); Bousley v. United States, 523 U.S. 614, 621 (1998); Dyess, 730 F.3d at 360; United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the court dismisses these two claims.

As for Russell's career-offender challenge, Russell claims that his state-court second-degree murder conviction at age 16 cannot be a career-offender predicate conviction. See [D.E. 222] 5; [D.E. 237] 3. Russell procedurally defaulted this career-offender claim. Section 2255 "imposes tight procedural constraints" on the scope of a movant's claims. Fernandez, 146 S. Ct. at 1300. "[C]laims not raised on direct review are procedurally defaulted unless the prisoner can demonstrate cause and prejudice, or else actual innocence." Id. (cleaned up). Russell did not raise his career-offender claim on direct review, and he has not plausibly alleged cause, prejudice, or actual innocence. See id.; Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621; Fugit, 703 F.3d at 253; United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Thus, the claim fails.

Alternatively, Russell cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the court properly designated Russell a career offender. See U.S.S.G. § 4B1.1(a). Russell was over the age of 18 when the jury convicted him of counts one and two.

See Presentence Investigation Report ("PSR") [D.E. 235] at 2. Count two is a felony controlled substance offense. See 21 U.S.C. § 841(b)(1)(C). Russell also had two qualifying felony convictions. See PSR ¶¶ 20–24, 63; U.S.S.G. § 4B1.2(e)(4). Thus, Russell's claim fails.

As for Russell's excessive force claim under the Fourth and Fourteenth Amendments, Russell alleges that police used "excessive force at the traffic stop and destroyed . . . evidence." [D.E. 222] 7. Russell did not raise his excessive force claim on direct appeal, and he has not plausibly alleged cause, prejudice, or actual innocence. See Fernandez, 146 S. Ct. at 1300; Massaro, 538 U.S. at 504; Bousley, 523 U.S. at 621; Fugit, 703 F.3d at 25; Sanders, 247 F.3d at 144. Thus, Russell procedurally defaulted this claim.

In Russell's reply brief, Russell asserts that trial and appellate counsel were "ineffective for failing to object to or preserve his rights." [D.E. 237] 1. Russell waived this claim by only raising it in his reply brief. See, e.g., United States v. Midkiff, No. 22-4399, 2023 WL 1794151, at *1 n.2 (4th Cir. Feb. 7, 2024) (per curiam) (unpublished); United States v. Malone, 442 F. App'x 864, 866–67 (4th Cir. Aug. 16, 2011) (per curiam) (unpublished); United States v. Connor, 273 F. App'x 245, 247 (4th Cir. 2008) (per curiam) (unpublished); Lewis v. United States, No. 5:11-CR-229, No. 5:14-CV-374, 2016 WL 3951087, at *10 (E.D.N.C. July 18, 2016) (unpublished); Bean v. United States, No. 5:07-CR-297, No. 5:16-CV-262, 2016 WL 4005749, at *2 (E.D.N.C. July 25, 2016) (unpublished); Brack v. United States, No. 1:12-CV-547, No. 1:08-CR-471, 2015 WL 5712385, at *3–4 (M.D.N.C. Sept. 29, 2015) (unpublished); Lowe v. United States, No. 4:10-CR-132, No. 4:12-CV-93, 2013 WL 6091866, at *10 n.7 (E.D. Va. Nov. 18, 2013) (unpublished).

After reviewing the claims presented in Russell's motion, the court finds that reasonable jurists would not find the court's treatment of Russell's claims debatable or wrong and that the

claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 234], DISMISSES petitioner's section 2255 motion [D.E. 222], and DENIES a certificate of appealability.

SO ORDERED. This 18 day of September, 2026.

J. Dever
JAMES C. DEVER III
United States District Judge